Douglas J. and Marguerite H. LEMERY, and Raymond J. and Myrtle Lemery, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 24909.

United States Court of Appeals, Ninth Circuit.

Nov. 18, 1971.

**174**

W. V. Clodfelter, Seattle, Wash. (argued), of Clodfelter, Lindell & Carr, Seattle, Wash., for petitioners-appellants.

John P. Burke (argued), K. Martin Worthy, Chief Counsel, I. R. S., Lee A. Jackson, Bennet H. Hollander, John A. Townsend, of Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Washington, D. C., for respondent-appellee.

Before MERRILL and WRIGHT, Circuit Judges, and POWELL, District Judge.*

PER CURIAM:

This appeal from a judgment of the Tax Court involves federal income taxes for the year 1960. The findings of fact and opinion of the Tax Court are reported at 52 T.C. 367 (1969). We affirm.

In a contract of purchase and sale of three corporations which owned two motels, a laundry and a cocktail lounge, the seller, a Canadian citizen, gave a covenant not to compete within the Portland, Oregon area for five years. The taxpayer-appellants agreed that, of the purchase price of $1,131,000, the sum of $200,000 was to apply to the covenant. Thereafter, the buyers, appellants herein, attempted to deduct as a business expense $40,000 per year, based on a five-year amortization of the cost basis allocated to the covenant not to compete.

The Commissioner disallowed the deduction for the amortization of the covenant and increased the taxable income of each taxpayer accordingly. The Tax Court upheld the Commissioner's disallowance upon two grounds: (1) the taxpayers had not shown that the covenant not to compete had a cost basis to amortize and (2) they had not shown that the covenant was of a type that could be amortized.

The Tax Court found that the covenant had no economic reality, but was only a paper promise given to provide tax benefits to the buyers. In Schulz v. C. I. R., 294 F.2d 52 (9th Cir. 1961), we said:

" * * * [W]e think that the covenant must have some independent basis in fact or some arguable relationship with business reality such that reasonable men, genuinely concerned with their economic future, might bargain for such an agreement." 294 F.2d at 55.

The covenant in this case does not qualify for the reasons stated in the Tax Court opinion.

Affirmed.

* Hon. Charles L. Powell, United States District Judge, Eastern District of Washington, sitting by designation.