FRANCO CORELLI, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 302-74, 1848-74.     Filed May 4, 1976.

*Morton A. Smith,* for the petitioner.
*William K. Carr,* for the respondent.

OPINION

GOFFE, *Judge:* On November 25, 1975, petitioner filed a Request for Admissions under Rule 90 of the Court's Rules of Practice and Procedure which respondent answered on December 23, 1975. On February 5, 1976, petitioner filed a motion under Rule 90(d) of the Rules to determine the sufficiency of respondent's answer or objections to petitioner's request for admissions and on the same date petitioner filed a Motion to Compel Production of Documents under Rule 72(b) of the Rules. On March 24, 1976, we held a hearing on both motions in New York City at which time the parties appeared by counsel and argued their respective positions.

The case involves a determination by the Commissioner of deficiencies in income tax and additions to tax against petitioner as follows:

| Taxable year | Income tax | Addition to tax sec. 6653(a) |
|---|---|---|
| 1963 | $3,259.68 | 0 |
| 1964 | 3,550.15 | 0 |
| 1965 | 14,710.23 | 0 |
| 1966 | 35,105.89 | 0 |
| 1967 | 109,159.25 | $5,457.96 |
| 1970 | 73,367.63 | 3,668.38 |

The addition to tax under section 6653(a) of the Code[1]

---

[1] All Code references are to the Internal Revenue Code of 1954, as amended.

(negligence penalty) was asserted by the Commissioner in the statutory notice of deficiency for 1967 and 1970 because of petitioner's alleged negligence or intentional disregard of rules and regulations. The adjustments to petitioner's income determined by the Commissioner in the statutory notices consist primarily of increases in income from the rendition of personal services and the disallowance of business expenses. For the taxable years 1967 and 1970, the Commissioner, in his statutory notice covering those years, identified the omitted gross income as having been derived from personal services rendered by petitioner to the Metropolitan Opera Association, Inc.

In his petitions for the taxable years 1966, 1967, and 1970, petitioner admits that he performed personal services for the Metropolitan Opera during those years but that the payments for such services are not taxable to him in the United States because of his contractual arrangements with Interart Establishment, Vaduz, a Swiss corporation, and Gorlinsky Promotions, Ltd., a Bahamian corporation.

Petitioner seeks admissions of facts concerning a ruling letter, a copy of which is attached to his request for admissions. Petitioner asks respondent to admit that the copy of the ruling is an exact copy; that statements of fact contained in the ruling letter which relate contractual arrangements among petitioner, Interart, Gorlinsky, and the Metropolitan Opera are true; that evidence submitted by the applicant for the ruling supports the findings of fact in the ruling letter concerning Gorlinsky; and that the ruling letter has not been modified, amended, or withdrawn by the Commissioner. Attached to his Motion to Compel Production of Documents is petitioner's Request for Production of Documents served on respondent in which he seeks the ruling letter; application for the ruling letter together with all exhibits, schedules, and attachments; all exhibits and schedules referred to in the ruling letter; and all correspondence, notes, memoranda of conferences, and telephone calls between the Commissioner and the applicant for the ruling letter.

Attached to his Request for Admissions and his Motion for Production of Documents are purported copies of a private ruling letter issued by the Commissioner on February 10, 1967, to Mr. Robert L. Rosbe, Arthur Anderson & Co., 815 Connecticut Avenue, N.W., Washington, D.C. 20006. That ruling letter, in substance, holds that Gorlinsky is a United Kingdom enterprise

having no establishment in the United States and, therefore, is exempt from U.S. income tax by reason of a U.S.-United Kingdom treaty. It further holds fees paid by the Metropolitan Opera to Gorlinsky are not subject to the withholding requirements of section 1442 of the Code. The ruling letter describes the contract between petitioner Corelli and Interart and a subcontract with Gorlinsky and a contract between Gorlinsky and the Metropolitan Opera. It also holds that fees paid by the Metropolitan Opera to Gorlinsky are not taxable in the United States.

Respondent refused to admit petitioner's request for admissions on the grounds that they are not relevant, relying on *Greenbergs' Express, Inc.,* 62 T.C. 324 (1974), and that Federal law precludes revealing the contents of the private ruling files, relying on *Bernard E. Teichgraeber,* 64 T.C. 453 (1975). Petitioner contends that the holding of *Teichgraeber* is that private ruling letter information is not privileged and he relies upon *Kenneth C. Davis,* 65 T.C. 1014 (1976), and *Gail R. Richardson,* 64 T.C. 621 (1975).

The question of whether the private ruling letter is privileged has been specifically decided by us. We held that private ruling letters are not privileged. *Bernard E. Teichgraeber, supra* at 455. Respondent does not argue in the alternative; i.e., that if the ruling letter is not privileged, that the other documents petitioner seeks are, nevertheless, privileged. We perceive of no such distinction and hold that none of the documents requested by petitioner are privileged. Respondent also refuses to admit petitioner's request for admissions and to deliver the documents from the ruling file on the grounds of relevancy. We considered the question of relevancy in *Teichgraeber* and found in that case the ruling letter not to be relevant. Petitioner here points out that our Rule 90(c) provides that relevancy is not to be regarded as just cause for refusal to admit or deny. Respondent counters with references to the same rule which requires the request for admission to be relevant to the subject matter involved in the pending action.

Although Rule 90 may be ambiguous as to relevancy, such apparent ambiguity is unimportant here because we conclude that the matters sought by petitioner are relevant. The Commissioner has asserted the negligence penalty for the taxable years in which he determined that petitioner failed to report

compensation paid by the Metropolitan Opera. We have held and the Commissioner has acquiesced in our holding that reliance upon a *published* ruling precludes a finding that the taxpayer's actions were due to negligence or intentional disregard of rules and regulations. *Douglas J. Lemery,* 54 T.C. 480 (1970), affd. 451 F. 2d 173 (9th Cir. 1971). There is no reason for us to hold at this time that the same rule would apply to a *private* ruling but we do hold that the matters sought by petitioner relating to the private ruling are relevant to the imposition of the negligence penalty and are discoverable. Petitioner is, therefore, entitled to the documents requested in his motion to compel production of documents and respondent must answer petitioner's request for admissions.

*An appropriate order will be entered.*